# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: MICHAEL R. SPARKS, ) | Case No. 10-54909 | |
| ) | Chapter 7 | |
| Debtor. ) | | |
| ) | | |
| JOHN KLEPITSCH, ) | | |
| ) | | |
| Plaintiff, ) | Adversary No. | |
| ) | | |
| vs. ) | | |
| ) | | |
| MICHAEL R. SPARKS, ) | | |
| ) | | |
| Defendant. ) | | |

### COMPLAINT TO DETERMINE DISCHARGEABILITY OF A DEBT AND ABSTENTION FROM DETERMINING STATE COURT FRAUD CLAIMS AND SECURITIES VIOLATIONS

NOW COMES JOHN KLEPITSCH, through undersigned counsel, and represents as follows:

1. Jurisdiction of this matter arises from 28 U.S.C. Section 1334(b) and 28 U.S.C. Section 157 and 11 U.S.C. Section 362 (d)(2)(a) and (b).

2. MICHAEL R. SPARKS filed for relief with this Court under Chapter 7 of the United States Bankruptcy Code on December 13, 2010.

3. JOHN KLEPITSCH previously brought an action in the Circuit Court of Cook County against the immediate debtor, MICHAEL R. SPARKS, filing it before the debtor filed his original petition with this court. See attached complaint filed November

10, 2010. The allegations contained therein are hereby adopted by reference into this Complaint.

4. That action comes under the caption John Klepitsch v. Sparks & Assoc. Inc., John Sparks, and Michael Sparks, Court No. 2010 L 012808.

5. The multi-count complaint includes counts for common law fraud and securities violations.

6. As described in the state complaint, the debt is owed for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud.

7. The Debtor made use of a statement in writing

    (i) that is materially false;

    (ii) respecting the debtor's or an insider's financial condition;

    (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

    (iv) that the debtor caused to be made or published with intent to deceive.

8. Additionally, as described in the state complaint, the Debtor owes the immediate Creditor for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

9. The Bankruptcy Code explicitly states that debts arising from such actions cannot be discharged. 11 U.S.C. 523 (a)(2) and (4).

10. Based upon the fraudulent nature of the transactions, Sparks must disgorge and refund the amounts to Klepitsch.

11. Sparks defrauded Klepitsch of $208,999.00, as alleged in the state complaint, attached and incorporated herein.

12. In so much as the state court complaint sounds in fraud, § 523(a)(2) & (4) allows the stay to be lifted so that the injured party, JOHN KLEPITSCH, can proceed in that venue against the debtor.

13. Bankruptcy courts may abstain from hearing a proceeding arising under the Code or arising in or related to a case under the Code if such abstention is in the interest of justice, comity with state courts, or respect for state law. 28 U.S.C. § 1334(c)(1).

14. In the state court proceeding, issues of state court law apply, including a State Securities Act. The Circuit Court of Cook County can more properly and efficiently determine the claims and issues set forth in the complaint resting solely on state court law.

15. Neither party has filed a jury demand before the Circuit Court of Cook County, although trial by jury is available in such actions.

16. JOHN KLEPITSCH seeks abstention from this court over the claims brought in the state court, as well as requesting this Court determine the debt is non-dischargeable.

17. The hearing on a motion for relief from the automatic stay is (1) "merely a summary proceeding of limited effect," (2) "not a proceeding for determining the merits of the underlying substantive claims, defenses, or counterclaims," and (3) "merely a grant of permission from the court allowing the creditor to litigate its substantive claims elsewhere without violating the automatic stay." *In re Vitreous Steel Prods. Co.*, 911

F.2d 1223, 1232-34 (7th Cir. 1990); accord *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 31-35 (1st Cir. 1994); *Johnson v. Righetti (In re Johnson)*, 756 F.2d 738, 740 (9th Cir. 1985).

18. Discharge is completely inappropriate for this debtor.

19. There currently pends an action seeking liability as described in 11 U.S.C. 727 (a) (12), and 11 U.S.C. 522 (q) (1) (B).

20. This is a core proceeding.

21. The state court causes of actions alleged in the attached complaint provide for attorney fees and costs of bringing or maintaining any action to recover.

WHEREFORE, the JOHN KLEPITSCH, prays this Honorable Court

A. Deny discharge pursuant to 11 U.S.C. 727 (a) (12);

B. abstain from the claims;

C. issue an order lifting the stay;

D. and permitting KLEPITSCH to proceed against the instant debtor in state court;

or in the alternative

A. determine, avoid, and provide recovery of the $208,999.00 to JOHN KLEPITSCH from the estate;

In either case, for the fees and expenses of bringing the instant action, denying him exemptions under 11 U.S.C. 522 (q) (1) (B) and for whatever further relief this Court deems equitable and just.

4

                    Respectfully submitted:

                    By:__[s/Lawrence J. Falli/s]_____
                        Lawrence J. Falli

Lawrence J. Falli
One of the Attorneys for John Klepitsch
2563 West Montrose Avenue
Chicago, Illinois  60618
(312) 961 2478
Illinois ARDC 6271191